## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## EVANSVILLE DIVISION

| | | |
|---|---|---|
| **ROBIN L. ROMERO**, on behalf of herself and those similarly situated, | * | **CASE NO. 3:22-cv-147** |
| | * | |
| Plaintiff, | | **Class Action and FLSA Collective Action** |
| | * | **Complaint** |
| v. | | |
| | * | |
| **ENCOMPASS HEALTH DEACONESS REHABILITATION HOSPITAL, LLC**, | * | |
| | * | |
| Defendant. | * | |
| | * | |

## PLAINTIFF'S COMBINED CLASS ACTION AND FAIR LABOR STANDARDS ACT COLLECTIVE COMPLAINT

Now comes Named Plaintiff Robin L. Romero ("Named Plaintiff"), by and through undersigned counsel, individually and on behalf of others similarly situated, for her Complaint against Defendant Encompass Health Deaconess Rehabilitation Hospital, LLC ("Encompass Health") for its failure to pay employees wages, including overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; and the Indiana Wage Payment Statute, I.C. 22-2-5 ("Indiana Wage Payment Statute" or "IWPS"). Specifically, Encompass has a policy and practice whereby it applies a 30 minute meal break deduction to compensable hours worked even when Named Plaintiff and other similarly situated healthcare employees were unable to take any meal period or take a full, uninterrupted bona fide meal period. In so doing, Encompass is violating the FLSA by 1) illegal and non-neutral rounding of meal break time punches, and 2) repeated failure to pay for breaks in time of twenty minutes or less caused by an automatic 30 minute meal break deduction. Additionally, Encompass had a

policy and practice of requiring Named Plaintiff and many similarly situated healthcare employees to travel during the middle of a continuous work day between Encompass hospitals in Warrick County, Indiana and Vanderburgh County, Indiana to work, but Encompass failed to properly pay wages for the drive time between hospitals and failed to properly reimburse mileage for the work-required drive time. Finally, Encompass maintains a policy and practice of providing additional renumeration in the form of nondiscretionary bonuses to Named Plaintiff and other similarly situated healthcare employees while failing to include this renumeration in regular rate of pay calculations. These policies and practices resulted in unpaid wages and unpaid overtime in violation of both the FLSA and IWPS.

Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) while the class action claims arise under the Indiana Wage Payment Statute, I.C. §§ 22-2-5, *et seq.*, and are asserted as a class action under Federal Rule of Civil Procedure 23. The following collective and class action allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.    <u>JURISDICTION AND VENUE</u>

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

2.    This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Indiana over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as most or all of the events or omissions giving rise to their claims occurred in the Southern District of Indiana, Defendants have their principal place of business in the Southern District of Indiana, and/or they otherwise conducted substantial business in the Southern District of Indiana.

II.    **PARTIES**

**Named Plaintiff Robin Romero**

4.      Named Plaintiff is an individual and a United States citizen who worked for Encompass at both its Warrick County and Vanderburgh County hospitals from approximately July 7, 2020 until she voluntarily resigned on September 1, 2022.

5.      During Named Plaintiff's employment, she worked as a Nursing Tech.

6.      During all times relevant when she worked for Encompass, Named Plaintiff was a non-exempt employee paid on an hourly basis. As a result, she was an "employee" of Encompass as defined in the FLSA and Indiana Wage Payment Statute.

7.      Named Plaintiff brings this action on behalf of herself and on behalf of those similarly situated and has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b). Consent to be Party Plaintiff, attached as **Exhibit A**.

A.    **Defendant**

8.      Defendant Encompass Health Deaconess Rehabilitation Hospital, LLC is a domestic limited liability company with its principal place of business located at 9355 Warrick Trail, Newburgh, Indiana 47630. It was formed in 1997 under the laws of Indiana and is authorized to conduct business (and did/does conduct business) in the State of Indiana during all times relevant.

9.      On its website, Encompass describes itself as a "leading provider of inpatient rehabilitation for stroke, brain injury and other complex neurological and orthopedic conditions."

10.     Named Plaintiff worked for Encompass at both its facilities – in Warrick County, Indiana and in Vanderburgh County, Indiana.

11.     Encompass is and has been doing business in this judicial district.

12.     At all times relevant, Encompass has been an "employer" as that term is defined by the FLSA and the Indiana Wage Payment Statute.

13.     During relevant times, Encompass maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including through the promulgation and enforcement of policies affecting the payment of wages and overtime.

14.     During all times relevant, Encompass has benefitted from the work performed by Named Plaintiff and those similarly situated.

15.     Upon information and belief, Encompass operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or it has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and Encompass has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level) during each of the three (3) years prior to filing this Complaint up through and including the present year.

III.    **FACTS**

16.     Named Plaintiff and other similarly situated employees are current or former non-exempt hourly healthcare employees of Encompass.

17.     Encompass suffered or permitted Named Plaintiff and others similarly situated to work more than forty (40) hours in one or more workweek(s), entitling them to overtime compensation under the FLSA.

18.     During their employment with Encompass, Named Plaintiff and other similarly situated employees were not fully and properly paid in accordance with the minimum requirements of the FLSA for all of their compensable hours worked due to Encompass' companywide policies and/or practices. Additionally, during their employment with Encompass, Named Plaintiff and other similarly situated employees were not fully and properly paid in accordance with the requirements of the Indiana Wage Payment Statute (to be paid wages "in full" and "on time") for all of their compensable hours worked due to Encompass' companywide policies and/or practices.

**A.     Unpaid Overtime Due to Meal Break Deduction Policies and/or Practices**

19.     During their employment with Encompass, Named Plaintiff and other similarly situated healthcare employees were not fully and properly paid for all overtime wages because Encompass required a meal break deduction from their compensable hours worked even when Named Plaintiff and other similarly situated healthcare employees were unable to take a full, uninterrupted bona fide meal period. Encompass committed FLSA and Indiana Wage Payment Statute violations tied to meal break policies in at least the following ways:

        a.     Non-neutral rounding. Encompass required Named Plaintiff and other similarly situated healthcare employees to clock out for meal breaks and subsequently clock back in at the end of the meal breaks. Encompass always treated Named Plaintiff and other similarly situated healthcare employees as having taken an unpaid 30 minute or more meal break. If the employee did not take a meal break at all, Encompass modified time clock entries to automatically treat the

employee as having taken a 30 minute unpaid meal period. If the employee punched her actual meal break time in the time clock and that time was less than 30 minutes (e.g., 20 minutes), Encompass still modified time clock entries to automatically treat the employee has having taken a 30 minute unpaid meal period. However, if the employee punched her actual meal break time in the time clock and that time was more than 30 minutes (e.g., 35 minutes), Encompass would treat the entire punched time as unpaid (e.g., all 35 minutes were unpaid time). Further, the employee taking a meal break longer than 30 minutes was also subject to discipline for tardiness. All of Encompass' time rounding schemes were programmed and rigged to ensure that rounding only favored Encompass and never favored hourly paid employees. For purposes of this Complaint, Named Plaintiff estimates that she worked through her meal period and received no meal break at all an average of 2 times per week. As such, she was not paid one hour of work (at her last rate - $16.40/hour) or more each week.

b. <u>Unpaid Breaks of 20 Minutes or Less</u>. Additionally, in not paying for breaks of 20 minutes or less, Encompass violated the FLSA, as any break in time for any reason that is 20 minutes or less is work time and is compensable. Here, Encompass had actual time clock records showing Named Plaintiff and other similarly situated healthcare employees received no meal break at all or received only a short break of 20 minutes or less, but Encompass would modify time clock entries to automatically treat the employee has having taken a 30 minute unpaid meal period. **Again, for purposes of this Complaint, Named**

**Plaintiff estimates that she worked through her meal period and received no meal break at all an average of 2 times per week. She also would estimate she had 1 or more meal break each week which was 20 minutes or less. As such, she was not paid one and one-half hours of work (at her last rate - $16.40/hour) or more each week, meaning at least $24.60 each week before adding any liquidated damages.**

c.  <u>Interrupted Meal Breaks</u>. Encompass was not ensuring that Named Plaintiff and other similarly situated healthcare employees received a full, uninterrupted 30 minute meal period before applying an automatically deducted 30 minute period to employee time clock records.

20.     Encompass' facilities were regularly understaffed, and Named Plaintiff and other similarly situated employees were too busy with work to regularly take a full, uninterrupted bona fide meal break. Indeed, Encompass regularly paid bonuses to get Named Plaintiff and other similarly situated healthcare employees to work extra shifts because Encompass' facilities were so understaffed.

21.     Encompass did not maintain a legitimate policy and/or practice that allowed Named Plaintiff and other similarly situated employees to report a missed meal break to Defendants to override the meal break deduction. For example, Named Plaintiff went so far as to request from her supervisor a form she could complete to tell Encompass she worked through a meal period. The supervisor told Named Plaintiff he did not know where such a form may be and Named Plaintiff was not able to report a missed lunch. This same is true for other similarly situated healthcare workers.

22.     As 29 C.F.R. § 785.18 outlines, "rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry," "must be counted as hours worked," and "may not be offset against other working time." 29 C.F.R. § 785.18.

23.     Defendants did not compensate Named Plaintiff and other similarly situated employees for short rest breaks of twenty (20) minutes or fewer regardless of the reason for the break. At all times, Defendants required Named Plaintiff and other similarly situated employees to clock out for short rest breaks.

24.     Finally, as described above, Encompass rigged its time punch rounding, disciplinary rules and application of a 30 minute auto deduction for unpaid lunches such that its rounding scheme was non-neutral, wholly employer-favoring, and illegal.

### B.     Unpaid Wages and Overtime Due to Failure to Pay for Drive Time

25.     As described above, Encompass paid Named Plaintiff and other similarly situated healthcare employees nothing at all for their time spent traveling from one Encompass hospital to the other Encompass Hospital (in the next county) during the course of the employee's continuous work day. Moreover, Encompass was not paying Named Plaintiff and other similarly situated healthcare workers mileage reimbursement at the IRS rate or any similar reasonable rate to pay for mileage incurred on Encompass behalf while driving during the continuous work day.

26.     For purposes of this complaint, Named Plaintiff estimates that she worked 30 or more minutes each week on average driving for Encompass without compensation. Moreover, Named Plaintiff was driving on Encompass' behalf an average of 30 or more miles each week without any mileage reimbursement. This failure to pay mileage reimbursement and requirement that Named Plaintiff her own vehicle, gas, oil and provide insurance, resulted in unlawful "kickbacks" which further violate the FLSA.

C.     **Unpaid Overtime Due to Incorrect Regular Rate Calculation**

27.     Encompass paid Named Plaintiff and other similarly situated employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

28.     In addition to the Base Hourly Wage, Encompass pays and paid Named Plaintiff and other similarly situated healthcare employees additional forms of remuneration that should have been included in the calculation of employees' regular rates of pay for overtime compensation. These additional forms of remuneration include but are not limited to 1) extra shift pay, premium pay, weekend pay and "preceptor" pay, all nondiscretionary bonuses for working extra hours, working shifts for which the employee was not scheduled to work, and/or working on evenings and/or weekends (hereinafter hazard pay and other nondiscretionary bonuses will collectively be referred to as "Additional Remuneration"). *See* 29 C.F.R. §§ 778.207(b), 778.211(c).

29.     To explain, Named Plaintiff and other similarly situated employees were regularly contacted and promised that if they worked evenings, weekends, and/or picked up shifts or hours that they were not previously scheduled to work, then they would receive a bonus payment or shift differential in an amount to induce them to work the extra hours and/or shifts. Shift pickup bonuses are required to be included in Encompass' employees' regular-rate-of-pay calculations according to United States Department of Labor Fact Sheet #54.[1]

30.     During the last three (3) years preceding the filing of this Complaint, Named Plaintiff and other similarly situated employees regularly received their Base Hourly Wage and Additional Remuneration, as described above, in various workweeks when they worked in excess of forty (40) hours.

---

[1] See section entitled ***Example: Supplementary Shift Bonus*** (last visited August 15, 2022).

31.     When Encompass paid Named Plaintiff and other similarly situated employees both their Base Hourly Wage and Additional Remuneration, Encompass failed to properly calculate their employees' regular rates of pay for the purposes of overtime pay because Encompass did not include the Additional Remuneration in employees' regular rate calculations. Consequently, Encompass failed to properly compensate Named Plaintiff and other similarly situated employees the overtime wages they were due in accordance with the minimum requirements of the FLSA.

32.     Upon information and belief, Encompass, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws.

33.     During relevant times, Encompass had knowledge of and acted willfully regarding their conduct described herein.

34.     Encompass is in possession and control of necessary documents and information from which Named Plaintiff would be able to precisely calculate damages (or Encompass otherwise failed to maintain such documents and information as required by law).

35.     For the three (3) years preceding the filing of this Complaint, Encompass applied the same pay policies and practices to all similarly situated hourly, non-exempt healthcare employees, including Named Plaintiff.

36.     Named Plaintiff and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policies and/or practices described herein.

37.     Encompass knew or should have been aware that Named Plaintiff and other similarly situated healthcare employees had a meal break deduction applied to their daily hours worked even when they were unable to take a meal break, took a shortened meal break, and/or had their meal break interrupted with job duties.

38.     Further, Encompass knew or should have been aware that Named Plaintiff and other similarly situated healthcare employees were driving for work without compensation and without mileage reimbursement.

39.     Additionally, Encompass knew or should have been aware that Named Plaintiff and other similarly situated employees worked in excess of forty (40) hours in a workweek and were entitled to be paid an overtime rate based on their correct regular rates of pay, as that phrase is defined under the FLSA, but Encompass willfully elected not to fully compensate its employees during all times relevant.

40.     As a result of Encompass' aforementioned meal break deduction and non-neutral rounding policy and/or practice, Named Plaintiff and other similarly situated employees were not paid one-and-one-half times (1.5x) their regular rates of pay for all hours worked in excess of forty (40) in a workweek. The same is true as a result of Encompass failure to pay for work drive time and pay full regular rate (including bonuses and premium pay) in overtime weeks.

### C.     Unpaid Wages Under the Indiana Wage Payment Statute

41.     With respect to workweeks when Named Plaintiff and others similarly situated worked fewer than forty (40) hours in one or more workweek(s), coupled with those workweeks when Named Plaintiff and others similarly situated worked more than forty (40) hours in one or more workweek(s), Encompass failed to pay Named Plaintiff and others similarly situated for all "wages"[2] in violation of the IWPS due to Encompass meal break policy and/or practice described herein (including Defendant's policy and practice of not paying for recorded breaks that lasted twenty (20) minutes or less). In the same way, with respect to workweeks when Named Plaintiff

---

[2] "Wages" means all amounts at which the labor or service rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission, basis, or in any other method of calculating such amount. *See* I.C. § 22-2-9-1(b).

and others similarly situated worked fewer than forty (40) hours in one or more workweek(s), coupled with those workweeks when Named Plaintiff and others similarly situated worked more than forty (40) hours in one or more workweek(s), Encompass failed to pay Named Plaintiff and others similarly situated for all "wages" in violation of the IWPS due to Encompass failure to pay for all drive time and failure to reimburse mileage policy and/or practice described herein.

42.     As such, Named Plaintiff and others similarly situated should have been compensated for such work time, including time worked during meal breaks when they were unable to take a meal break, had their meal break shortened, or otherwise had their meal break interrupted with job duties. In the same manner, Named Plaintiff and others similarly situated should have been compensated for such work time, including time driving during work and for unreimbursed mileage.

## IV.     COLLECTIVE ACTION ALLEGATIONS

43.     Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt employees of Encompass who worked 40 or more hours in any workweek and (i) had a meal deduction taken from their compensable hours worked; (ii) were subjected to non-neutral rounding of meal break time clock punches; (iii) received Additional Remuneration; (iv) were not paid for drive time and/or reimbursed mileage expenses for personal care use and/or (v) had unpaid short rest breaks of 20 minutes or fewer during the last 3 years prior to the filing of this Complaint and continuing through final disposition of this case (hereinafter the "FLSA Collective" or "Putative FLSA Collective Members").**

44.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

45.     In addition to Named Plaintiff, the Putative FLSA Collective Members have been denied proper overtime compensation due to companywide unlawful payroll policies and practices described herein. Encompass failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the Putative FLSA Collective Members overtime compensation at a rate of at least one-and-one-half times (1.5x) their regular rates of pay for all overtime hours worked. Named Plaintiff is representative of all those other similarly situated employees and are acting on behalf of their interests as well as her own in bringing this action.

46.     The identities of the Putative FLSA Collective Members are known to Encompass and are readily identifiable through Encompass' payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

47.     The net effect of Encompass' policies and/or practices is that Encompass willfully failed to fully and properly pay Named Plaintiff and the Putative FLSA Collective Members their overtime wages. Thus, Encompass enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the Putative FLSA Collective Members.

## V.      **RULE 23 ALLEGATIONS**

48.     Named Plaintiff brings her Indiana Wage Payment Statute claims pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of herself and other current and former healthcare employees of Encompass who were similarly denied payment of wages. All of

the individuals defined below are common victims of Encompass' unlawful meal break policy and/or practice, unlawful and non-neutral rounding practices, failure to pay for work driving time, and incorrect regular rate of pay calculations.

49.     In addition, during other workweeks when Named Plaintiff and similarly situated healthcare employees were clocked out for various amounts of time or otherwise had a meal break deduction or non-neutral rounding applied to their compensable daily hours worked as alleged above, they are owed unpaid wages for such "gap time."

50.     Named Plaintiff, pursuant to Rule 23, will serve as a class representative on behalf of herself and all other similarly situated of the following class, consisting of:

> **All current and former hourly employees of Defendants in Indiana who were not paid all wages in full and on time and (i) had a meal deduction taken from their compensable hours worked; (ii) were subjected to non-neutral rounding of meal break time clock punches; (iii) had unpaid short rest breaks of 20 minutes or fewer; and/or (iv) were not paid for work driving time during the last two (2) years prior to the filing date of this Complaint and continuing through final disposition of this case (hereinafter the "Rule 23 Class" or "Rule 23 Class Members").**

51.     During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid all wages in full and on time for all hours worked because of Encompass' policies and/or practices described herein.

52.     The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable. Named Plaintiff will pursue discovery to obtain the names of the other current and former healthcare employees of Encompass to provide notice of the class action and to offer an opt-out opportunity.

53.     Named Plaintiff is a member of the Rule 23 Class, whose claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

54.    Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

55.    Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class whom she has undertaken to represent.

56.    Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

57.    Questions of law and fact are common to the Rule 23 Class.

58.    Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Encompass with respect to its non-exempt employees.

59.    Class certification is appropriate under Rule 23(b)(2), as Encompass acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Rule 23 Class as a whole.

60.    Class certification is appropriate under Rule 23(b)(3), as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

61.    Questions of law and fact that are common to the Rule 23 Class include but are not limited to: (a) whether Encompass violated the Indiana Wage Payment Statute by failing to pay the Rule 23 Class for hours worked in excess of forty (40) per workweek because of Defendants' meal break deductions, rounding, failure to pay for work drive time, and/or incorrect regular rate of pay calculations; (b) whether Defendants violated the Indiana Wage Payment Statute by failing to pay the Rule 23 Class Members for meal breaks or short rest breaks when such breaks would

constitute gap time during workdays for which they should have been compensated due to performing job duties for Encompass' benefit; (c) whether Encompass' violations of the Indiana Wage Payment Statute were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime, is due to Named Plaintiff and other members of the Rule 23 Class on account of Encompass' violations of the Indiana Wage Payment Statute; and (e) what amount of prejudgment interest is due to Rule 23 Class members for overtime or other compensation that was withheld or not paid to them.

62.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Indiana litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Encompass to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI.    <u>CAUSES OF ACTION</u>

<b><u>COUNT I</u><br>FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME</b>

63.     All of the preceding paragraphs are realleged as if fully rewritten herein.

64.     This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the Putative FLSA Collective Members.

65.     During the relevant time period preceding this Complaint, Encompass employed Named Plaintiff and the Putative FLSA Collective Members.

66.     Named Plaintiff and the Putative FLSA Collective Members were paid on an hourly basis and were employed in non-exempt positions during the relevant time period.

67.     Named Plaintiff and the Putative FLSA Collective Members worked in excess of 40 hours in one or more workweek(s) during their employment.

68.     The FLSA requires that covered employees be compensated for every hour worked in a workweek. 29 U.S.C. § 206(b).

69.     The FLSA requires that non-exempt employees receive overtime compensation of one-and-one-half times (1.5x) their regular rates of pay for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

70.     Named Plaintiff and the Putative FLSA Collective Members worked in excess of forty hours during one or more workweek(s) within the relevant time period described herein.

71.     Encompass violated the FLSA with respect to Named Plaintiff and the Putative FLSA Collective Members by, *inter alia*, failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in one or more workweek(s) as outlined above.

72.     Named Plaintiff and the Putative FLSA Collective Members should have been paid overtime for all hours worked in excess of forty (40) hours per workweek during the three (3) years prior to the filing of this Complaint.

73.     Named Plaintiff and the Putative FLSA Collective Members should have been paid for all overtime hours worked during the three (3) years prior to the filing of this Complaint.

74.     Encompass knew or should have known of the overtime payment requirements of the FLSA. Encompass willfully withheld and failed to pay all overtime compensation to which Named Plaintiff and the Putative FLSA Collective Members are entitled.

75.     The exact total amount of overtime compensation that Encompass failed to pay Named Plaintiff and the Putative FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in Encompass' possession or were not otherwise kept by Encompass.

76.     As a direct and proximate result of Encompass' conduct, Named Plaintiff and the Putative FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the Putative FLSA Collective Members.

## COUNT II
### (I.C. § 22-2-5-2 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

77.     All of the preceding paragraphs are realleged as if fully rewritten herein.

78.     Named Plaintiff and the Rule 23 Class Members have been employed by Encompass and Encompass is an employer covered by the Indiana Wage Payment Statute.

79.     By way of this claim, Named Plaintiff is seeking, individually and on behalf of the Rule 23 Class Members who worked at any of Encompass' facilities in Indiana, all available damages, including all unpaid wages, all available liquidated damages (i.e., double or 200% damages), attorneys' fees, costs, and expenses prosecuting the litigation, plus any other damage to which Named Plaintiff and the Rule 23 Class Members may be entitled to pursuant to applicable law.

80.     Encompass' failure to pay Named Plaintiff and the Rule 23 Class Members their wages in full constitutes bad faith. Encompass can certainly not claim that they were acting in good faith when they implemented a companywide policy of non-neutral rounding of meal break time clock punches, when it applied a daily meal deduction to their healthcare employees when

they were unable to take a full meal break, took a shortened meal break, had their meal break interrupted with job duties, or Encompass chose not to pay wages at all for employee drive time.

81.     As an Indiana employer, Encompass is liable for payment of unpaid wages, liquidated damages, attorney's fees and costs under the Indiana Wage Payment Statute owed to Named Plaintiff and the Rule 23 Class Members.

82.     This Court is the appropriate venue for this cause of action as Encompass is an Indiana domestic limited liability companies and they are headquartered and reside in Newburgh, Warrick County, Indiana.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, as to all counts, Named Plaintiff prays for an Order against Defendant Encompass as follows:

A.     Certifying the proposed FLSA collective action;

B.     Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the Putative FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C.     Awarding judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the Putative FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

D.     Awarding judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and the Putative FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

E.      Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

F.      Granting leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

G.      Awarding judgment for all civil penalties to which Named Plaintiff, the Putative FLSA Collective, and the Rule 23 Class may be entitled; and

H.      Certifying the proposed Rule 23 Class under the Indiana Wage Payment Statute;

I.      Awarding to Named Plaintiff and the Rule 23 Class Members all damages available under the Indiana Wage Payment Statute, including all unpaid wages, liquidated damages, attorneys' fees, costs, and expenses;

J.      Awarding prejudgment and post-judgment interest;

K.      Awarding Named Plaintiff, the Putative FLSA Collective, and the Rule 23 Class Members such other and further relief as the Court deems necessary, just, or proper.

Respectfully submitted,

**HASSLER KONDRAS MILLER LLP**

By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
Email: kondras@hkmlawfirm.com

Robi J. Baishnab (OH Bar 0086195)
**NILGES DRAHER LLC**
1360 E. 9th Street, Suite 808
Cleveland, Ohio 44114
Telephone:  216-230-2955
Facsimile: 330-754-1430

Email:  rbaishnab@ohlaborlaw.com

Hans A. Nilges (OH Bar 0074304)
**NILGES DRAHER LLC**
7034 Braucher, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*Attorneys for Named Plaintiff and those
similarly situated*